IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Edward Kasyjanski, | C/A No.: 1:24-cv-2278-JFA-SVH |
| Plaintiff, | |
| vs. | |
| Bryant Goodwin, Allen McCoy, Eric White, Everett Evrest, David Saweringenr, Hodge Claude cc Hodge, Karen Castles, Chris Dawner, and Will Montgomery, | REPORT AND RECOMMENDATION |
| Defendants. | |

Keith Edward Kasyjanski ("Plaintiff"), proceeding pro se and in forma pauperis, brings this case pursuant to 42 U.S.C. § 1983 against Fairfield County Sheriff Will Montgomery ("Sheriff Montgomery"), Winnsboro Safety Patrol officer Allen McCoy ("Officer McCoy"), and Fairfield County Sheriff's Deputies Bryant Goodwin ("Deputy Goodwin"), Lieutenant Eric White ("Lt. White"), Everett Evrest ("Deputy Evrest"), David Saweringenr ("Deputy Saweringenr"), Hodge Claude cc Hodge ("Deputy Hodge"), Karen Castles ("Deputy Castles"), and Chris Dawner ("Deputy Dawner") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such

complaints for relief and submit findings and recommendations to the district judge.

I.  Factual Background

Plaintiff is a pretrial detainee incarcerated at FCDC. [ECF No. 20 at 2, 7]. He indicates he is in jail "for a hand written letter threatening the life of a public Employee and unlawful communication." [ECF No. 20 at 10].

On April 22, 2024, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, naming 36 individuals, each of whom was employed by either Well Path Recovery Solutions, South Carolina Department of Mental Health, Fairfield County law enforcement agencies, Fairfield County Solicitor's Office, Fairfield County Public Defender's Office, South Carolina Attorney General's Office, or Fairfield County courts (collectively "Original Defendants"). [ECF No. 1]. On May 28, 2024, the undersigned issued a proper form order and an order and notice advising Plaintiff of deficiencies in his complaint and requirements for service of process. [ECF Nos. 9, 10].

Plaintiff filed an amended complaint and forms USM-285 on July 30, 2023.[1] [ECF Nos. 20, 22]. He named nine of the Original Defendants as

---

[1] Plaintiff submitted letters to the court on July 15 and July 22, 2024, indicating he was unable to comply with the court's prior orders because he lacked paper. *Kasyjanski v. Squirewell*, Case No. 24-2276-JFA-SVH (D.S.C.), ECF Nos. 22, 24. Plaintiff also indicated he had mailed his responses in this case, but the court had not yet received them. *See id.* at ECF No. 24. The undersigned issued a text order on July 30, 2024, extending the deadline to

Defendants in the amended complaint and sued each in his or her individual and official capacities. [ECF No. 20 at 2–6]. He alleges Defendants violated his constitutional rights under the First and Second Amendments and sections 1 and 5 of the Fourteenth Amendment. *Id.* at 7. He addresses each defendant separately and claims the following, or some slight variation thereof, as to all defendants: "Protect[s] and upholds South Carolina law and Not the Federal Constitution of the United States" and violated "1st Amendment my right to print and press, my right to life, liberty, pursuit happiness, my right to work, my right to free speech my right 2nd amendment right to keep and bear arms, 6th Amendment" and "my right to travel." *Id.* at 10–18.

Plaintiff claims that Deputy Goodwin pulled him over for a broken taillight and subsequently interacted with him at the impound yard on January 21, 2021.[2] He claims he sustained an injury to his lower back and

---

August 23, 2024, to permit Plaintiff time to obtain paper on his own and comply with the proper form order and order and notice. [ECF No. 18]. However, Plaintiff's responses were received and docketed later that day. [ECF Nos. 20, 22]. Because Plaintiff has responded to the court's prior orders, the undersigned may issue a report and recommendation at this time.

[2] In the original complaint, Plaintiff indicated Deputy Goodwin, Lt. White, and Officer McCoy physically restrained him on January 15, 2021, after he fled from a traffic stop and they chased and apprehended him. *See* ECF No. 1 at 6, 15. He does not include similar facts in the amended complaint. Because Plaintiff was warned that the amended complaint would replace the original complaint and should be complete in itself, the undersigned has not considered these facts in evaluating whether the amended complaint states a claim on which relief may be granted. *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir.

severe pain in his waist,[3] but has had no medical treatment. *Id.* at 9. He indicates he owes hospitals in Richland County, South Carolina and Charlotte, North Carolina for emergency room visits, after being sent home because they could not determine what was wrong with him.[4] *Id.* He requests the court award him $75,000 in damages from each defendant. *Id.* at 9.

II.     Discussion

    A.     Standard of Review

Plaintiff filed the complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A

---

2001)). Plaintiff submitted his original and amended complaints on the "Complaint for a Violation of Civil Rights" form available from the court, and neither is a verified complaint. *See* ECF Nos. 1, 20. The Fourth Circuit has recognized that "the mere assertions of an unverified pleading fall 'out of the picture' when replaced by those of another complaint. *Goodman*, 986 F.3d. at 498 (citing *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017)).

[3] Plaintiff does not allege in the amended complaint that Defendants engaged in any specific actions that led to his injuries. *See generally* ECF No. 20.

[4] Section IV.D. of the amended complaint appears to contain additional facts that are undecipherable. [ECF No. 20 at 8]. A review of the hard copy maintained by the Clerk reveals that Plaintiff had originally written something in this section, but had removed it with correction fluid or tape such that this section of the complaint was blank at the time of filing.

finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

The order and notice informed Plaintiff of the pleading requirements to state a § 1983 claim and advised him that his claims were conclusory and his

allegations were insufficient as to most of the Original Defendants. [ECF No. 10 at 6–8]. It stated:

> Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Younger v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the case be dismissed without leave for further amendment.

*Id.* at 9–10. Plaintiff availed himself of the opportunity to file an amended complaint, but the amended complaint fails to adequately address the deficiencies. Therefore, the case is subject to summary dismissal.

Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff brings his case pursuant to 42 U.S.C. § 1983.[5] To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a state official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Iqbal*, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (finding a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct).

The undersigned has reviewed and liberally construed the amended complaint and finds Plaintiff has not alleged sufficient facts to support constitutional violations against Defendants. Although he alleges Defendants

---

[5] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

have violated his rights under the First, Second, Sixth, and Fourteenth Amendments, his allegations are conclusory and not supported by specific facts that would sustain any recognized violation of his rights under the Constitution or federal law.

Plaintiff's claim that Defendants protect and uphold South Carolina law, as opposed to the United States Constitution, lacks support. These state actors are required to uphold both state and federal law, and Plaintiff has not alleged sufficient facts to support his statement that they uphold state law in violation of the Constitution or federal law.

To the extent Plaintiff may be attempting to argue Defendants violated his First Amendment right to free speech by detaining him for sending a letter threatening the life of a public official, he cannot prevail on this claim. Although the First Amendment confers a right to free speech, "[t]rue threats of violence . . . lie outside the bounds of the First Amendment's protection." *Counterman v. Colorado*, 600 U.S. 66, 72 (2023).

The undersigned previously notified Plaintiff of deficiencies in the original complaint and provided him an opportunity to amend. Plaintiff availed himself of this opportunity by filing an amended complaint, but his amended complaint does not contain sufficient factual allegations to support a claim for against Defendants under § 1983.

III.    Conclusion and Recommendation

For the foregoing reason, the undersigned recommends the court dismiss the case without leave for further amendment for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915.

IT IS SO RECOMMENDED.

August 9, 2024                                          Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).